# 7679

No. 7 6 7 9.

Court of Appeal----Parish of Orleans.

Maurice Stich.

-vs-

Wm. G. Mc. Adoo, Director General of Railroads and of the
Louisville & Nashville Railroad Company. Walter D. Hines,
Subrogated.

------------

By Dinkelspiel. J.

---------

Plaintiff avers, that on **April 18th. 1918**, at about 1.30 o'clock, p. m., he was driving his Hupmobile Automobile from the Louisville and Nashville Fruit Shed to the annex of the Southern Pacific Railroad at Julia and Front Streets, and when he approached the Julia Street crossing of said Louisville and Nashville Railroad Company there was an engine with several cabooses belonging to the said Louisville & Nashville Railroad Company on the side track which more than half obstructed his view of the crossing. - That upon entering the crossing the railroad flagman, employed by defendant company, signalled to plaintiff to stop which he promptly did; that after a reasonable time had elapsed the flagman walked away and plaintiff assumed, as he had a reasonable right to do, that the departure of the flagman indicated that the engine with the cabooses was to remain at a standstill; he proceeded to cross the tracks and had crossed the first track of the crossing when the machine was hit by a string of cars belonging to defendant, and which cars had been cut and kicked by the engine belonging to defendant. That this accident took place in the presence of switchmen of defendant company who were unable to stop the cars before hiting the automobile of plaintiff. There was no locomotive attached to the cars.

Plaintiff further alleges, that as a result the Automobile was badly damaged to the extent of $235.00.; that he made amicable demand upon defendant, and in default of defendant acting properly, he was compelled to have the repairs made at a cost of $235.00, and annexes the bill of O'Connor & Co.; that same was done at a fair and reasonable amount.

Plaintiff claims further, that the cause of the accident was the negligence and neglect of duty on the part of the flagman employed by defendant in walking away from the tracks and failing to request plaintiff not to make the crossing, and that the foreman employed by defendant was not properly attending to his duties being quite a distance away from the crossing, and therefore plaintiff believes that said flagman acted improperly and without attending properly to his duties as such flagman, and that the accident was due to a violation of the ordinary care in the kicking or backing up of cars on a public crossing in this City. He alleges further, that he was exercising due care and deligence and did not in no way contribute to the accident; that said crossing is frequently used by vehicles and pedestrains, and that defendants gross neglect caused plaintiff the damge as above setforth. Wherefore, he prays for judgment.

The answer substantially admits the accident in question, the damge to the car; alleges that the track was clear at the time of the accident and that plaintiff could have seen just where to drive his automobile; that the flagman was in no wise responsible for the injury, neither was the w switchman nor any of its employees, that at the point where the accident occurred, Julia Street, is intersected by ten railroad tracks. It is therefore the duty of anyone approaching the said crossing to exercise a high degree of care. That plaintiff approached the said crossing towards the woods. A cut of eight cars were being switched or kicked along the track in an uptown direction, and said cars were approaching Julia Street at a moderate rate of speed, and defendant's flagman

206

signalled plaintiff to stop which he did at a safe distance from said track. Answering further, the flagman did not walk away there after, but hearing a wagon approaching from the other side the flagman turned his back on plaintiff to signal said wagon to come to a stop; that plaintiff started the automobile forward and attempted to cross just in time to have the automobile struck by the on coming up out of cars. Defendant claims further, that the flagman in question did all that was possible and proper in the premises, and that the accident was caused solely by plaintiff's disregarding the warning given by said flagman; denies that the flagman was guilty of any negligence or duty in the premises; denies that said flagman walked away from the tracks as alleged; denies that the flagman failed to request plaintiff not to make the crossing; denies that said flagman was in any way guilty of negligence, denies that the foreman was not attending properly to his duties, that he was away six hundred feet from the crossing or that he was in anywise anywise guilty of negligence in the premises.

Defendant avers that it exercise^d/ all care and deligence under the circumstances and did nothing to contribute to the accident; admits that the crossing is frequently used by vehicles and pedestrains, and prays for a judgment in its favor.

A careful examination of the evidence convinces us that the accident which caused the damge was in nowise attributable to plaintiff and that he did everything that a careful and prudent man should have done under the circumstances.

Plaintiff testified, that he had crossed these particular tracks two or three times a day# for the past twenty years, and he acted no differently on this occasion than he had on similar previous occasions, and that his interpretation of the flagmans attitude on the day of this accident from his previous experience at the crossing lead him to believe that there was no danger to be apprehended from crossing the tracks at that particular time.(See Transcript,page 8, plaintiff's testimony.) His testimony convinces us that the action of the flagman which is supported by two witnesses who were in the automobile at the time of the accident, that plaintiff, when the flag was put down by the flagman, had the right to do just as he attempted to do, that is,cross, and that he was stopped when the flagman turned his back looking for the approach of a wagon and therefore left the place he had in charge in order to perform other duties and left free to plaintiff to cross at the time that he did; were it not for this, we are convinced from the testimony, that plaintiff would not have attempted to have crossed and the accident, therefore, could not and would not have occur--red.

Whilst it is true that the flagman, Smith, swore that he did his duty in flaging plaintiff's automobile in order to prevent him from crossing the tracks at the time of the accident, and while it is true that some of defendant's witnesses also testified that they saw Smith flag the automobile,none of them deny that his back was turned when plaintiff started to cross the tracks, but on the contrary, from all the evidence in this case, we are convinced that the flagman absolutely and utterly failed in performing the duties required of him.

208

His Honor, the Judge of the lower Court saw and heard the testimony and was of the opinion that the accident was due solely to the negligence of defendant, (Trans. p. 17.)and under the jurisprudence of this State we are not disposed to say that he erred.

Harrison -vs- Goldburg, 133. La. p. 389.- Schwartzbur--ger -vs- Schwartzburger, 138 La. p. 924.

"It is a general rule that a person who by his fault causes damage to another either by his act or by his neg--ligence, imprudence or want of skill, is obliged to repair same." Wells -vs- Johnson. 53 La. p. 733. Lang -vs- Illinois Central R. R. Co. 115 La. p. 687.

Judgment Affirmed.